IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETER WEBB, | § | |
| TDCJ-CID # 725671, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-06-0579 |
| v. | § | |
| | § | |
| ALAN EVANS, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Peter Webb, an inmate of the Texas Department of Criminal Justice–Correctional

Institutions Division (TDCJ), proceeding *pro se* and *in forma pauperis*, files this complaint

under 42 U.S.C. § 1983, alleging violations of his civil rights.  The threshold question is

whether Webb's claims should be dismissed for failure to state a claim.  The Court concludes

that this lawsuit fails to state a claim, and should be dismissed for the reasons that follow.

**I.     Claims**

According to his petition and more definite statement, Webb was diagnosed as HIV-

positive in 1992.  He currently takes numerous medications for his condition.  Webb claims

that on May 13, 2005, while he was waiting to be examined at the unit medical clinic, he told

defendant Evans, a physician assistant, that he was not taking a certain medication.  Evans

became upset, and loudly responded that Webb was on a lot of medications, including

medication for HIV.  A prison guard, Officer Banks, overheard Evans' comment, and

purportedly then told other guards that Webb was in denial over being HIV-positive.

Webb contends that Evans violated his constitutional right to privacy by loudly responding to Webb in a manner that disclosed his HIV-positive status to Officer Banks. He seeks $750,000.00 in compensatory damages for emotional distress and mental anguish.

## II.    Discussion

When a party proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). Accordingly, it must be determined whether Webb has a right to privacy protecting disclosure of his HIV-positive status from prison officials, whether that right was violated by Evans, and whether Webb is entitled to recover damages for such disclosure.

### A.    Eleventh Amendment Immunity

To the extent that Webb seeks recovery against Evans in his official capacity as an employee of TDCJ, the claims are barred by immunity under the Eleventh Amendment. *See Aguilar v. Texas Dep't Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *Talib v.*

*Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). The balance of this Court's analysis will address Webb's claims against Evans in his individual capacity.

B.     Right to Privacy

Section 1983 imposes civil liability upon a person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States. 28 U.S.C. § 1983. This section does not create any new substantive rights, but provides a remedy for the violation of clearly established federal constitutional or statutory right.

The Supreme Court has recognized a constitutional right to information privacy under the Fourteenth Amendment, though its parameters are ill-defined. *See Whalen v. Roe*, 429 U.S. 589, 599-600 (1977). Prisoners retain, at best, a very minimal constitutional interest in privacy after incarceration. *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002). Two federal circuit courts of appeals have recognized a limited Fourteenth Amendment right of privacy for prisoners against the purposeful disclosure of their HIV-positive status, subject to legitimate penological interests. *Doe v. Delie,* 257 F.3d 309, 317 (3d Cir. 2001); *Powell v. Schriver*, 175 F.3d 107, 112 (2d Cir. 1999). The Fifth Circuit, however, has not squarely addressed the issue. In *Moore v. Mabus*, 976 F.2d 268, 271 (5th Cir. 1992), the Fifth Circuit upheld, without discussion, the dismissal of an HIV-positive inmate's claims for violation of his Fourteenth Amendment right to privacy regarding his medical status. The Court further noted that "the identification and segregation of HIV-positive prisoners obviously serves a legitimate penological interest." *Id.* That inmates have or do not have a

3

constitutional right to privacy for their medical information, and the contours of any such right that might exist, were not reached.

Even assuming state inmates enjoy a limited right of privacy against the purposeful disclosure of their HIV-positive status, Webb admits that Evans' comments, which were overheard by Officer Banks, were directed at Webb and not at third parties.   At best, the facts alleged by Webb raise claims of carelessness or negligence by Evans not rising to the level of a constitutional violation.   Although the Court certainly does not condone carelessness or negligence, neither are they actionable on these facts.

C.    Physical Injury

Presentation by Webb of a viable constitutional violation would not end this Court's analysis of his claims under section 1915A.  Under 42 U.S.C. § 1997e(e), no federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury.  The Fifth Circuit has previously applied this physical injury requirement to bar an inmate's recovery of compensatory damages in Eighth Amendment cases.   *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997). Undetermined, however, was the extent to which section 1997e(e) applies to other civil rights claims brought by inmates.   The Fifth Circuit has recently intimated that the application is potentially pervasive.  In *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), the Fifth Circuit held that the physical injury requirement of section 1997e(e) applied to an inmate's First Amendment claims.  In so holding, the Court stated that

4

> [Plaintiff] has not presented any reason for us to treat prisoners' First Amendment claims differently from those alleging Eighth Amendment violations. Indeed, even if there were such a reason, the unqualified and unambiguous statutory text – 'no federal civil action' – precludes any such differentiation.
>
> We agree with the majority of the other federal circuits that have addressed this issue in holding that it is the nature of the relief sought, and not the underlying substantive violation, that controls: *Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury.*

*Id.* at 375 (emphasis added). *See also Doe*, 247 F.3d at 314 n.3 (precluding recovery of compensatory damages by inmates for violation of the right to medical information privacy in absence of physical injury).

As a result, Webb's failure to allege physical injury falls squarely within section 1997e(e), precluding his recovery of compensatory damages for emotional or mental injuries allegedly sustained as the result of the purported Fourteenth Amendment right to privacy violation.

**III.    Conclusion**

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), as well as 42 U.S.C. § 1997e(e), this lawsuit is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**.

**Webb is advised that this constitutes his third dismissal under 28 U.S.C. § 1915(g). He is now barred from bringing any more civil actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury.**

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the _16th_ day of March, 2006.



KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE